# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| WILLIAM A. HUNTER, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:17-cv-01269 |
|  | ) | Judge Trauger |
| CORE CIVIC, INC., et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

William Hunter is an inmate at the Metro Davidson County Detention Facility in Nashville. He has filed *pro se* a prisoner complaint (Doc. No. 1) brought pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Doc. No. 2).

It appears from his application that the plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, plaintiff's application is **GRANTED.** The Clerk shall file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

The plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

    (b)    twenty percent (20%) of the average monthly balance in the plaintiff's inmate

trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The defendant, Core Civic, Inc., is a privately held corporation under contract with the Metropolitan Government of Nashville and Davidson County to operate the Metro Davidson County Detention Facility. In that capacity, this defendant acts under color of state law and is subject to suit under 42 U.S.C. § 1983. Street v. Corrections Corp. of America, 102 F.3d 810, 814 (6th Cir. 1996).

The Metro Davidson County Detention Facility is currently experiencing an outbreak of scabies.[1] The plaintiff has been "itching and scratching a lot." Doc. No. 1 at 5. He believes that he has been infected with scabies. *Id*. When this was reported to the medical staff, they "put a black light on me and said they don't see anything." *Id*. Nevertheless, he was prescribed a hydrocortisone cream for the itching. *Id.*

When the cream proved ineffective, plaintiff returned to the infirmary. He was seen by a nurse who gave him a pink lotion for the itching. *Id.* He has yet, however, to be examined by a doctor or referred to a dermatologist. The cream and lotion have proven to be ineffective and he continues to suffer. The defendants are aware of plaintiff's situation but have allegedly done nothing to ease his suffering. The plaintiff seeks relief in the form of treatment for scabies and damages. *Id.* at 6.

The Eighth Amendment imposes upon a county an obligation to provide its prisoners with

---

[1] Scabies is a contagious, intensely itchy skin condition caused by tiny, burrowing mites.

reasonably adequate food, clothing, shelter, sanitation, recreation and medical care. Grubbs v. Bradley, 552 F.Supp. 1052, 1119-1124 (M.D. Tenn.1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir.1984).

The outbreak of an infectious condition creates an unhealthy environment. The defendants, Core Civic and Dr. Bridges, a physician at the Detention Facility, are apparently aware of the outbreak but have in effective done nothing to ease the plaintiff's suffering. Since this could be construed as a deliberate indifference to plaintiff's serious medical needs, the Court finds that the plaintiff has stated a colorable claim for relief. 28 U.S.C. § 1915A.

Accordingly, the Clerk is instructed to send the plaintiff a service packet (a blank summons and USM 285 form) for each defendant. The plaintiff will complete the service packets and return them to the Clerk's Office within **twenty one (21) days** of the date of receipt of this order.

Upon return of the service packets, **PROCESS SHALL ISSUE** to the defendants. The plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action. He is further forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court.

The Clerk is directed to send a copy of this order to the Warden of the Metro Davidson County Detention Facility to ensure that the custodian of plaintiff's inmate trust account complies with that

portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so **ORDERED**.

ENTER this 21st day of September 2017.

_____
Aleta A. Trauger
United States District Judge