```
                   UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF TENNESSEE
                          AT NASHVILLE
```

WILLIAM A. HUNTER,            )
                              )
      Plaintiff               )
                              )     No. 3:17-1269
v.                            )     Judge Trauger/Brown
                              )     **Jury Demand**
CORE CIVIC f/k/a CCA;         )
DR. JAMES BRIDGES,            )
                              )
      Defendants              )

**TO:   THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that the Defendants' motion for summary judgment (Docket Entry 23) be granted and this case be dismissed without prejudice and that any appeal not be certified as taken in good faith.[1]

### BACKGROUND

The Plaintiff filed his complaint *in forma pauperis* with the Clerk on September 15, 2017. Using the mailbox rule it appears that his complaint was dated September 13, 2017 (Docket Entry 1, p. 6). The complaint was against CoreCivic and Dr. Bridges. The Plaintiff alleges that on August 7, 2017, he filed a sick call because of itching and scratching. He stated that the following day he was only seen by a nurse through a door asking what was wrong and that she only gave him some pink lotion as a treatment. He

---

[1] Although the dismissal is recommended to be without prejudice, as a practical matter since it appears that the Plaintiff has failed to exhaust his administrative grievances and the time for completing a grievance on this claim has passed refiling the case on the present set of facts may well be futile.

stated that two weeks earlier, when he first mentioned the itching and scratching, they had put a black light on him and told him they didn't see anything and prescribed him a hydrocortisone cream. He understood that he would be seeing a doctor, but he stated that it had been three weeks and he still had not seen not Dr. Bridges in medical. He stated that he was suffering from severe itching, especially at night. He stated that he had filed informal and grievances that he needed to see a dermatologist and to be treated properly. He alleged that he had small white and red bumps on his hands, arms, and private areas that were itching and that he had never experienced this before in his life. For relief he requested to be cured by medical and Dr. Bridges for scabies and compensated for their negligence in failing to treat and cure him of scabies.

In his complaint at paragraph E he alleged that he exhausted his administrative grievances by stating "I filed an informal then a grievance."

The Defendants filed an answer in which they, among other things, alleged that the Plaintiff did not exhaust the administrative grievance procedure. A scheduling order was entered in the matter on December 13, 2017 (Docket Entry 19). This order provided the Plaintiff instructions concerning dispositive motions. The Plaintiff was advised in paragraph I that dispositive motions must be responded to and that failure to respond to a motion and to statements of facts may result in the Court taking the facts alleged in the matter as true and granting the relief requested.

The Plaintiff was advised that he could not just rely on his complaint, that he must show that there is a material dispute of facts with citations to the record, affidavits, or other matters of evidence. He was instructed to read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01.

The Plaintiff has failed to respond to the motion for summary judgment or to request additional time as of the date of this report and recommendation.

## LEGAL DISCUSSION

### Standard of Review

To prevail on a motion for summary judgment, the movant must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party cannot simply "rest on its pleadings but must present some 'specific facts showing that there is a genuine issue for trial.'" *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). To defeat a motion for summary judgment, "the non-moving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (citing *Anderson*, 477 U.S. at 251). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient." *Tingle*, 692 F.3d

at 529 (citing *Anderson*, 477 U.S. at 251). Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts...must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

**ANALYSIS**

The Defendants allege three grounds for granting summary judgment: (1) exhaustion of administrative remedies; (2) *respondeat superior*, and (3) deliberate indifference. As discussed below, the Magistrate Judge believes that the failure to exhaust is dispositive and will not discuss the other two grounds in any detail.

In their memorandum of law (Docket Entry 24) the Defendants provide a declaration of Mr. Aylward, who is involved in the grievance procedure at the Metro/Davidson County Detention Facility. He states, based on person knowledge or knowledge reasonably made available to him, the grievance procedure set forth by CoreCivic at the jail and attaches a copy of the procedure to his affidavit. He also attaches to his affidavit copies of the grievances filed by the Plaintiff and the resolution of those grievances.

Specifically, he points out that the Plaintiff filed an informal resolution on August 31st regarding itching red and white bumps and his desire to see the facility doctor. He filed another

4

grievance on September 11th regarding his belief that inmate workers in the kitchen during the previous shift did not properly clean the kitchen, and a third grievance on September 13, 2017, regarding his desire for the use of a new razor. He states that the Plaintiff did not complete the grievance procedure on any of the informal resolutions before September 13, 2017, or any time thereafter, up until the date of his affidavit on June 5, 2018.

Dr. Bridges provided an affidavit (Docket Entry 26) stating that he is a physician at the Metro/Davidson County detention facility and that the Plaintiff was given an initial screen upon admission to the jail and would be checked for scabies. He stated that the Plaintiff was incarcerated at the detention facility on June 13, 2017, and on June 19th was provided a preventative dose of Ivermectin, which is a medication used to treat scabies.

Dr. Bridges stated that the records show that on or about August 1, 2017, the Plaintiff complained of itching and a rash through a sick call request. He was evaluated on August 1, 2017, and complained of itching and a rash on his hands, in the crease of his arms, behind his knees which he stated had begun approximately three weeks before. The records reflected that a visual examination of the Plaintiff did not detect evidence of scabies, such as track marks. The Plaintiff was provided Hydrocortisone cream for 10 days and instructed to return, if necessary.

5

Again, on August 20, 2017, the Plaintiff complained about itching and rash on his hands through a sick call request. He was evaluated again on August 22nd and again did not appear to have any evidence of scabies. He was prescribed Caladryl topical lotions for seven days and instructed to return, if necessary.

On September 26th the Plaintiff again complained about red and white bumps on his skin through a sick call request. He was evaluated on September 27th and the records documented that he was experiencing itching across his whole body and that he had red and white bumps on both of his hands and upper arms. A scraping from his skin was taken and sent to a laboratory for review. He was prescribed Benadryl Hydrocortisone cream and Ivermectin and placed in medical observation for 24 hours. The result of the skin scrapings did not reveal any evidence of scabies.

The Defendants next provided the declaration of John Rychen, who was the Assistant Warden at the detention facility operated by CoreCivic. He provided various policies dealing with physical plant maintenance, facility maintenance and sanitary inspections, daily housekeeping plans, health appraisals, infectious control, physician order, and patient care protocols and form, and other documents.

Finally, the Defendants provided a statement of undisputed material facts (Docket Entry 28). The Plaintiff has provided no response to the statement, and therefore to the extent they are supported by the record, they are deemed as admitted for

the purpose of summary judgment. Essentially, the statement of undisputed material facts track the medical requests the Plaintiff made and the treatment he received as set forth in Dr. Bridges' declaration (Docket Entry 25).

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, a prisoner must exhaust all available remedies before filing an action in court. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Such "remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). "The point of the PLRA exhaustion requirement is to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)).

"[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,'-rules that are defined not by the PLRA, but by the prison grievance process itself. . . . The level of detail necessary in a grievance to comply with the

7

grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citation omitted). "[E]xhaustion is required even if the prisoner subjectively believes the remedy is not available; even when the state cannot grant the particular relief requested; and 'even where [the prisoners] believe the procedure to be ineffectual or futile....'" *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (citations omitted). The Sixth Circuit "requires an inmate to make 'affirmative efforts to comply with the administrative procedures,' and analyzes whether those 'efforts to exhaust were sufficient under the circumstances.'" *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (citation omitted); *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009) ("*Woodford* makes clear that a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance.").

Here the undisputed facts show that the Plaintiff did not follow through on his grievance once he filed informal grievances. He did not complete the grievance procedure process on any of these informal resolutions before he filed his lawsuit on September 13th. His statement in his verified complaint that he filed an informal, and then a grievance, in no way establishes that he followed through the informal grievance procedure by filing a formal grievance or taking an appeal from any action or inaction on the

grievances. The Plaintiff has failed to come forward with any evidence to establish that he exhausted the grievance procedure which is set out in some detail in the detention facility's policy.

The Defendants are, therefore, entitled to summary judgment on this issue.

Even if somehow the Plaintiff was deemed to have exhausted his administrative remedies, the Defendants would still be entitled to summary judgment because the Plaintiff cannot show that they were deliberately indifferent to a serious medical issue. *Estelle v. Gamble*, 429 U.S. 98, 104-105 (1976). The medical records and the statement of Dr. Bridges show that the Plaintiff was treated promptly for each of his complaints. While the Plaintiff may disagree with the effectiveness of the treatment, deliberate indifference entails something more than negligence or even gross negligence. *Bishop v. Hackle*, 236 F.3d 757 (6th Cir. 2011).

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that this case be dismissed and that any appeal from such dismissal be denied as frivolous.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections.

Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge